H7kdzhoc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

LIANHE ZHOU, on behalf of
himself and others similarly
situated,

                Plaintiffs,              New York, N.Y.

        v.                               17 Civ. 1938(RMB)

LEGEND 72, LLC, d/b/a Legend
72 Upper Westside, SIXHI LI,
a/k/a Salmon Li, et al.,

                Defendants.

------------------------------x

                                         July 20, 2017
                                         9:15 a.m.

Before:

                   HON. RICHARD M. BERMAN,

                                         District Judge

                       APPEARANCES

TROY LAW, PLLC
     Attorneys for Plaintiffs
BY:  KIBUM BYUN

LAW OFFICE OF MATTHEW C. HEERDE
     Attorneys for Defendants
BY:  MATTHEW CHARLES HEERDE
```

H7kdzhoc

1

2              THE COURT:  How are you all?

3              MR. BYUN:  Good morning, your Honor.

4              MR. HEERDE:  Good morning, your Honor.

5              THE COURT:  So, please be seated.

6         OK.  What's going on here?

7              MR. BYUN:  Good morning, your Honor.  This is Kibum

8    Byun of Troy Law for plaintiffs.

9              THE COURT:  This is a restaurant on the Upper West

10   Side, right?

11             MR. BYUN:  Yes, your Honor, Upper West Side.

12             THE COURT:  So, I'm sorry, I didn't mean to interrupt.

13             MR. BYUN:  Yes.  Plaintiffs brought this action

14   pursuant to the Fair Labor Standards Act.  Plaintiff also

15   brought this action seeking a certification of an FLSA

16   collective pursuant to 216(b) of the statute.

17             THE COURT:  Right.  I wanted to explore today if there

18   is a possibility that you are going to resolve this case, or is

19   this waiter or a chef or --

20             MR. BYUN:  Plaintiff -- there is one named plaintiff

21   here -- was a cook at the restaurant.

22             THE COURT:  And for what time period?

23             MR. BYUN:  He was a plaintiff during -- it was in

24   2015, January, to February 19, 2016, your Honor.

25             THE COURT:  OK.  So, all right.  So, where are we

H7kdzhoc

1   heading here in this case?

2          MR. BYUN:  Plaintiff seeks to conditionally certify

3   all nonexecutive employees at the restaurant.

4          THE COURT:  Right.  I get that.

5          Counsel, is this a case that you are all trying to

6   resolve or are we heading for motions or what?

7          MR. BYUN:  Plaintiffs have reached out to defendants'

8   counsel to stipulate to this issue, but we could not reach an

9   agreement, your Honor.

10          MR. HEERDE:  Frankly, I don't recall being contacted

11   about resolution, your Honor.  That is something that we are

12   always willing to explore.

13          Certainly, given the potential liability in cases like

14   this, not that it exists here, but I don't believe that there

15   has been much substantive discussion about settlement yet, your

16   Honor.

17          THE COURT:  I'll tell you what we will do.  We are

18   going to break for a couple of minutes.  You guys can use the

19   jury room and talk about where you think it's going and if we

20   are going to have motion practice, in what timeframe, etc.,

21   etc., and then you will come back and then we will talk some

22   more.

23          MR. HEERDE:  Yes, your Honor.

24          MR. BYUN:  Yes, your Honor.

25          THE COURT:  And talk about whether there is a possible

H7kdzhoc

1   resolution here or whatever.

2           MR. HEERDE:  Certainly.

3           THE COURT:  Great.  Thank you.

4           I think that door is open under the clock.

5           MR. HEERDE:  OK.

6           (Recess)

7           THE COURT:  So, how did you make out?  Please be

8   seated.

9           MR. HEERDE:  Your Honor, with respect to the proposed

10  motion, we would propose that by a week from tomorrow, the end

11  of next week, plaintiff will submit or apprise my office of

12  what evidence they think they have to justify certification,

13  and then within two weeks we will either -- if we don't stip to

14  certification within two weeks, then we would file a briefing

15  schedule on whatever three weeks from tomorrow is.

16          THE COURT:  Got you.  So you will give evidence to

17  him, to you, plaintiff will give, and then you will look it

18  over for a period of two weeks?

19          MR. HEERDE:  Yes.

20          THE COURT:  So, wait a minute.  Today is --

21          MR. HEERDE:  So that would make it due July 28th.

22          THE COURT:  Evidence would be -- no, would be due

23  August 4 -- 3, I think.

24          MR. HEERDE:  We had agreed on a week from tomorrow.

25          THE COURT:  Oh, just a week?

H7kdzhoc

1          MR. HEERDE:  Yes.

2          THE COURT:  OK.  The 28th.

3          MR. HEERDE:  Two weeks to confer from that.

4          THE COURT:  When would you let me know which way you

5     are going?

6          MR. HEERDE:  August 11th.

7          THE COURT:  You can do this by letter, by the way.

8          MR. HEERDE:  Understood, your Honor.

9          THE COURT:  If it did turn into motion practice, how

10    long would it take you to put that together, do you think?  I

11    mean, the motion -- your motion, yes.

12         MR. BYUN:  Plaintiff proposes two weeks for plaintiffs

13    to file the motion, two weeks --

14         THE COURT:  Two weeks from when?

15         MR. BYUN:  Two weeks -- if there is a briefing

16    schedule, two weeks from the day when we file the briefing

17    schedule for the motion.

18         THE COURT:  So two weeks from August 11th?

19         MR. BYUN:  Yes.

20         THE COURT:  So that's the 25th.

21         MR. BYUN:  Yes.  And two weeks for defendants to

22    oppose and one week for plaintiff to reply, if any.

23         THE COURT:  So the 8th is your response, your

24    opposition, if there were one, is that right?

25         MR. HEERDE:  That works for us, your Honor.

H7kdzhoc

```
1            THE COURT:  Is that what you --
2            MR. HEERDE:  We hadn't gotten that far in the jury
3    room.
4            THE COURT:  All right.  So that's September 8th.
5            And then for any reply, the 15th.  How is that?
6            MR. BYUN:  Yes, your Honor.
7            THE COURT:  September 15.
8            And I take it this is something you could do on
9    submission without oral argument, or do you need oral argument?
10           MR. BYUN:  I think the motions can be decided by paper
11   only.
12           MR. HEERDE:  If it is OK with your Honor, I prefer not
13   to decide on that just yet.
14           THE COURT:  OK.
15           MR. HEERDE:  I haven't seen the evidence.  I haven't
16   talked with my clients.  They haven't seen the evidence.
17           THE COURT:  That is fair enough.
18           MR. HEERDE:  Thank you.
19           THE COURT:  All right.  So that will get us started.
20   Great.  Nice to see you.
21           MR. BYUN:  Thank you, your Honor.
22           MR. HEERDE:  Thank you, your Honor.
23           (Pause)
24           THE COURT:  Your proposal of how you are going to deal
25   with this motion I think makes a lot of sense.  So, thanks.
```

H7kdzhoc

1                 MR. BYUN:  Yes, your Honor.

2                 MR. HEERDE:  Thank you, your Honor.

3

4                              _   _   _

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25