UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LIANHE ZHOU                                       :
                                                  :       17 Civ. 1938 (RMB)
                              Plaintiff,          :
                                                  :       **ORDER APPROVING**
         -against-                                :       **SETTLEMENT**
                                                  :
LEGEND 72 LLC, et al.,                            :
                                                  :
                              Defendants.         :
------------------------------------------------------------X

Having reviewed the record herein, including, without limitation: **(1)** the parties' proposed Settlement Agreement and Release, filed August 27, 2018 ("Settlement Agreement"), resolving Lianhe Zhou's ("Plaintiff's") claims for unpaid minimum wages and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., New York Labor Law, § 650 et seq., and 12 New York Codes, Rules and Regulations §§146, **for a total of $50,000.00;** **(2)** the Joint Letter Motion Requesting Court Approval of Settlement Agreement, dated August 27, 2018 ("Joint Letter") from Plaintiff's Counsel and Defendants' Counsel, stating that the parties' Settlement Agreement "constitutes a fair and reasonable compromise of this matter;" and that Plaintiff's Counsel is seeking attorney's fees of $16,498.34 and costs of $504.99; and **(3)** the Attorney Invoice, dated August 27, 2018 ("Invoice"), including attorney hours worked and costs incurred by Plaintiff's Counsel, **the Court approves the Settlement Agreement with the modifications set forth below:**

1 – As noted above, the Settlement Agreement provides for a total settlement amount of $50,000.00, which includes $32,996.67 for Plaintiff (66% of the settlement amount), attorney's fees of $16,498.34 for Plaintiff's Counsel (33% of the settlement amount), and costs of $504.99 for Plaintiff's Counsel (1% of the settlement amount). See Joint Letter at 4.

2 – The parties reached agreement during a settlement conference with the Court on November 2, 2017. (See Transcript of settlement conference, held November 2, 2017.) Prior to reaching a settlement, the parties had not completed discovery. Id. Plaintiff had engaged in limited motion practice, primarily in support of class certification, see First Motion to Certify Class, dated August 30, 2017, which motion was withdrawn prior to settlement. The Court finds that withdrawal of the class certification motion is without prejudice to the claims of all potential class members. See Radha Geismann, M.D. v. ZocDoc, Inc., 2018 WL 6175291 (2d Cir. 2018).

3 – The Settlement Agreement calls for the total settlement amount of $50,000.00 to be disbursed in two installments. See Settlement Agreement at 2.

4 – The Court also finds the total settlement amount of $50,000.00 is fair and reasonable after thorough review of the following factors: (1) Plaintiff's range of possible recovery, the maximum amount of which is $124,959.19, see Joint Letter at 3; see also Cardozo v. Kraff, 2018 U.S. Dist. LEXIS 34786, at *1 (S.D.N.Y. Feb. 28, 2018); (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses. See Perez v. Bruno's Best Pizza, Inc., 15 Civ. 1625, at 2 (S.D.N.Y. Jan. 22, 2016); (3) the seriousness of the litigation risks faced by the parties. See Estrada v. Best Pizza of 1st Ave. Ltd., 14 Civ. 1238, at 2–3 (S.D.N.Y. May 13, 2016); (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel. See id.; and (5) the possibility of fraud or collusion. See Perez v. Bruno's Best Pizza, Inc., 15 Civ. 1625, at 2 (S.D.N.Y. Jan. 22, 2016). The Court's review of these factors favors approval of the Settlement Agreement.

5 – According to Plaintiff's Counsel, the "lodestar," i.e., hours worked by counsel and paralegals, etc., multiplied by their hourly rates, is $35,676.00, or 71.35% of the settlement amount. See Invoice at 4.

The Court concludes that Plaintiff's Counsel's proposed fee of $16,498.34 (or 33% of the settlement amount) is excessive after having thoroughly reviewed the factors set forth in Goldberger v. Integrated Resources, Inc., 209 F.3d 43 (2d Cir. 2000) and should be reduced to $10,000 which equals to 20% of the settlement amount. As to the first Goldberger factor, "the time and labor expended by counsel," four different employees of Plaintiff's Counsel's firm worked on this case for a total of 94.5 hours. Plaintiff's Lead Counsel's rate of $450 per hour, see Invoice at 3. This hourly rate is higher than the amounts courts in this district regularly find reasonable in wage-and-hour cases. See McGreevy v. Life Alert Emergency Response, Inc., 258 F. Supp. 3d 380, 389 (S.D.N.Y. 2017) ("Courts in this District have consistently found that the reasonable hourly billing rate for partners in wage-and-hour cases is between $300 and $400 per hour . . . ."); Patino v. Brady Parking, Inc., 2015 WL 206973 (S.D.N.Y. Apr. 30, 2015). Also, Plaintiff's Lead Counsel undertook tasks which could have been performed by more junior associates or paralegals at lower rates (e.g., scanning Plaintiff's ID; "Create Binder, Set Up/Key in Database"; "Research: Dft Website"; "Set Up the Text Message, WeChat & Line"; "Prepare copies to Serve Summons & Complaint"). See Invoice at 1–2. Plaintiff's Counsel's timesheet entries include vague and non-descriptive entries such as "NoA," "Conf OC re missing ID"; "Conf OC Settle Signing Status"; "Scheduling Order"). See Invoice 1–4; see also Tucker v. Mukasey, 2008 WL 2544504, at *2 (S.D.N.Y. June 20, 2008) (ordering a fee reduction for vague entries); Noel v. Laidlaw & Co., Ltd., 16 Civ. 3975, at 4 (S.D.N.Y. Jun. 23, 2017). Plaintiff's Counsel assigned some tasks to paralegals and billed at a rate of $150 per hour, see Invoice at 3,

which seems excessive. See Black v. Nunwood, 2015 WL 1958917 (S.D.N.Y. Apr. 30, 2015); Lanzetta v. Florio's Enters., Inc., 2011 WL 3209521, at *7 (S.D.N.Y. 2011).

The second and third Goldberger factors, i.e., the magnitude and complexities of the litigation and the risk of litigation, similarly do not support the requested fee award of 33% of the settlement amount. The issues in this case were routine. See Flores v. Mamma Lombardi's of Holbrook, Inc., 104 F.Supp.3d 290 (E.D.N.Y. May 18, 2015); Sines v. Service Corp. Int'l., 2006 WL 1148725, at *3 (S.D.N.Y. May 1, 2006) (where "the claims . . . involved no issues of exceptional difficulty . . . [i]t is, at bottom a suit for unpaid overtime").

The fourth Goldberger factor, "the quality of representation," was certainly acceptable but also expected. Goldberger, 209 F.3d at 50. "Courts should not necessarily award an increased fee where counsel simply displays the general level of skill expected." Ling v. Cantley & Sedacca, LLP, 2006 WL 290477, at *3 (S.D.N.Y. Feb. 8, 2006).

The fifth Goldberger factor, "the requested fee in relation to the settlement," Goldberger, 209 F.3d at 50, also weighs in favor of lower attorney's fees. See, e.g., Ortiz v. Chop't Creative Salad Co., 89 F.Supp.3d 573, 598 (S.D.N.Y. 2015) (awarding 20% of settlement amount as attorney's fees).

The sixth Goldberger factor, "public policy considerations," also weighs in favor of a reduced fee. See Farinella v. Paypal, Inc., 611 F. Supp. 2d 250, 273 (E.D.N.Y. 2009) (weighing public policy considerations and reducing attorney's fees from 28% to 20% of settlement amount).

The Court approves attorney's fees of $10,000 and costs of $504.99 (for a total of $10,504.99). The difference in amount between the proposed fee and the approved fee, i.e., $6,498.34, should be added to Plaintiff's award of $32,996.67 for a total of $39,495.01.

7 – Plaintiff's Counsel seeks reimbursement for the following costs: binder preparation ($4.50), and service of process ($500.49). See Invoice at 4. The Court approves the reimbursement of these expenses. See Chamoro v. 293 3rd Café Inc., 2016 WL 5719799, at *4 (S.D.N.Y. Sept. 30, 2016).

8 – The Court modifies the schedule of payments as follows: (i) No later than December 17, 2018, Defendants shall have delivered $25,000 to Plaintiff's Counsel plus any interest which may have accrued on such amount. Plaintiff's Counsel should immediately pay to Plaintiff the amount of $19,747.75, retaining $5,252.25 as legal fees. (ii) No later than February 2, 2019, Defendants shall have delivered the remaining $25,000 to Plaintiff's Counsel plus any interest which may have accrued on such amount. Plaintiff's Counsel shall immediately pay to Plaintiff $19,747.76, retaining $5,252.24 as legal fees.

Plaintiff's Counsel shall advise the Court in writing immediately after the total settlement has been paid.

### Conclusion & Order

For the reasons set forth above, the Settlement Agreement as modified above is approved.

Dated: New York, New York
December 7, 2018

_____
RICHARD M. BERMAN
U.S.D.J.